THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GENI, Appellant.—

No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CHARLES MULLER, Appellant.—

No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRIS STEVENSON, Appellant.—

The purely conclusory allegations in defendant's petition that the conviction was procured by reason " of perjury, fraud and misrepresentation of the People's witnesses as to the identification of petitioner " did not present any factual issue requiring a hearing (*People* v. *Fanning,* 300 N. Y. 593; *People* v. *Oddo,* 300 N. Y. 649). The alleged failure of the sentencing court to comply with the mandate of section 480 of the Code of Criminal Procedure cannot be raised by means of a writ of error *coram nobis* (*People* v. *Sullivan,* 3 N Y 2d 196). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

JOSEPH K. ROWE, Appellant, v. ALEXANDER E. LEVINE, Respondent.—

The allegations in support of the present counterclaim are vague and ambiguous. Defendant has failed to allege: (1) the terms of the agreement or understanding, if any, for the occupancy by plaintiff of defendant's office and for the use by plaintiff of defendant's office facilities; (2) the manner in which plaintiff breached such terms; and (3) the factual basis for the damage claimed. Every pleader is required to set forth a plain and concise statement of *all the material facts* which give rise to the cause of action asserted (cf. Civ. Prac. Act, § 241). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.